UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY GREER, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK GLEBE, LYLE MORSE, DENIS HARMON, KEN ERB, ROHRER, STELLA JENNINGS, <br><br> Defendants. | CASE NO. 3:14-CV-05657-BHS-JRC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A NINETY-DAY EXTENSION TO RESPOND TO A MOTION FOR JUDGMENT ON THE PLEADINGS |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Plaintiff asks the Court for a ninety-day extension to file a response to the defendants' motion for judgment on the pleadings and on all future dispositive motions and responsive briefs (Dkt. 28). Defendants filed their motion for judgment on the pleadings on April 22, 2015 (Dkt. 24). Plaintiff filed a response on May 15, 2015 and in his response, plaintiff requests more time

to adequately address defendants' motion (Dkt. 26). Defendants filed a reply to plaintiff's response (Dkt. 27) but have not opposed the motion for extension of time.

Local Rule 7(j) states:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.
>
> If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

Here, plaintiff did not file his motion for extension in time for it to be considered before the deadline. However, plaintiff is a *pro se* inmate and his access to court rules may be limited. Plaintiff raised the extension issue in his response, seeking at least an additional sixty days to respond to the motion (Dkt. 26). Plaintiff is also required to show that an extension for filing a response is warranted. Plaintiff states that he has limited access to a law library (Dkt. 28). While this may be grounds for an extension, plaintiff does not show that a ninety-day extension is warranted. The Court denies plaintiff's motion for a ninety-day extension

The Court will grant a thirty-day extension until July 6, 2015, to file an additional response to the pending motion for judgment on the pleadings. Defendants' supplemental reply, if any, must be filed on or before July 10, 2015.

Defendant's motion for judgment on the pleadings is re-noted for July 10, 2015.

Dated this 22nd day of June, 2015.

_____
J. Richard Creatura
United States Magistrate Judge