1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JAY GREER,

                    Plaintiff,

v.

PATRICK GLEBE, et al.,

                    Defendants.

CASE NO. C14-5657BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13      This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 64), and

15  Plaintiff Jay Greer's ("Greer") objections to the R&R (Dkt. 65).

16      On November 3, 2016, Judge Creatura issued the R&R recommending that the

17  Court grant Defendants' motion for summary judgment because Greer has failed to

18  submit evidence to establish his claims.  Dkt. 64.  On November 11, 2016, Greer filed

19  objections.  Dkt. 65.  On November 11, 2016, Defendants responded.  Dkt. 66.

20      The district judge must determine de novo any part of the magistrate judge's

21  disposition that has been properly objected to. The district judge may accept, reject, or

22

1  modify the recommended disposition; receive further evidence; or return the matter to the

2  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3          In this case, Greer raises three issues in his objections.  First, Greer contends that

4  Defendants violated a prison policy requiring intervention when an official has a "mere

5  suspicion" that an inmate is in danger.  Dkt. 65 at 1–2.  Even if such a policy exists, an

6  official's violation of the policy does not establish a constitutional violation.  *Sandin v.*

7  *Conner*, 515 U.S. 472, 481–82 (1995) (a "prison regulation [is] primarily designed to

8  guide correctional officials in the administration of a prison" and is "not designed to

9  confer rights on inmates . . . .").  While Greer may have some recourse for violation of a

10 policy, violation of this alleged policy does not rise to a violation of Greer's Eighth

11 Amendment rights.

12         Second, Greer objects to Judge Creatura's conclusion that Greer failed to submit

13 admissible evidence on certain issues.  Dkt. 65 at 2. Greer was put on notice that "[a]ny

14 affidavits or declarations submitted must be signed under penalty of perjury."  Dkt. 56 at

15 1.  Greer's allegations regarding his conversation with Defendant Ken Erb were not

16 submitted under penalty of perjury and, therefore, are not admissible evidence.  While

17 Greer did not have to record the conversation, he was obligated to attest to his version of

18 the conversation under penalty of perjury, which he did not do.  Thus, the Court adopts

19 Judge Creatura's conclusion on this issue.

20         Finally, Greer requests that the Court seal the record to provide protection.  Dkt.

21 65 at 3.  Judge Creatura concluded that Greer failed to comply with the local rule and

22

ORDER - 2

1   declined to consider Greer's request.  Dkt. 64 at 5.  The Court agrees with Judge

2   Creatura.  The relevant rule provides as follows:

3           A motion to seal a document, even if it is a stipulated motion, must
        include the following:
4           (A) a certification that the party has met and conferred with all other
        parties in an attempt to reach agreement on the need to file the document
5       under seal, to minimize the amount of material filed under seal, and to
        explore redaction and other alternatives to filing under seal; this
6       certification must list the date, manner, and participants of the conference;
            (B) a specific statement of the applicable legal standard and the
7       reasons for keeping a document under seal, with evidentiary support from
        declarations where necessary.
8
    Local Rules, W.D. Wash. LCR 5(g)(3).  Greer has not filed a motion in compliance with
9
    the local rule, and the Court will not seal the record based on statements in requests in
10
    other documents.
11
            Therefore, the Court having considered the R&R, Greer's objections, and the
12
    remaining record, does hereby find and order as follows:
13
        (1)     The R&R is **ADOPTED**;
14
        (2)     Defendants' motion for summary judgment is **GRANTED**;
15
        (3)     The Clerk shall enter **JUDGMENT** for Defendants and close this case; and
16
        (4)     Greer's *in forma pauperis* status is **REVOKED** for purposes of appeal.
17
    Dated this 18th day of January, 2017.
18

19

20   BENJAMIN H. SETTLE
    United States District Judge
21

22